UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| POST CONFIRMATION BOARD OF<br>WADLEIGH ENERGY GROUP, INC. | CIVIL ACTION |
| VERSUS | No. 14-609 |
| RALPH J. WADLEIGH ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendants, Ralph Wadleigh, Kristian Wadleigh, Bluewater Equipment Rentals, Inc., and Wadleigh Stables, Inc.,[2] to withdraw the reference of the above-captioned adversary matter to the U.S. Bankruptcy Court for the Eastern District of Louisiana. Plaintiff has filed an opposition.[3] Also before the Court is a motion[4] filed by plaintiff to strike defendants' jury demand, which defendants oppose.[5] Defendants also filed a motion[6] for a jury trial, which plaintiff opposes.[7] For the following reasons, defendants' motion for a jury trial is **GRANTED**, and plaintiff's motion to strike defendants' jury demand and defendants' motion to withdraw the reference are **DENIED**.

---

[1] R. Doc. No. 1.
[2] The sole remaining defendant, Michelle Wadleigh, is not represented by counsel and she has apparently not participated in the lawsuit. *See* R. Doc. No. 1-1, at 3 n.2; R. Doc. No. 1-5, at 6 (showing that the Clerk of Court filed an entry of default against Michelle Wadleigh on October 2, 2013). This order and reasons refers to the above-named movant-defendants as "defendants," with the understanding that Michelle Wadleigh has not joined in the motion.
[3] R. Doc. No. 17.
[4] R. Doc. No. 5.
[5] R. Doc. No. 15.
[6] R. Doc. No. 7.
[7] R. Doc. No. 19.

## BACKGROUND

Plaintiff initiated the above-captioned adversary matter on November 12, 2010,[8] seeking the return of numerous pre- and post-confirmation payments and transfers made to defendants by the bankruptcy debtors.[9] Plaintiff's amended complaint lists 23 causes of action, but all of plaintiff's claims relate to the same underlying facts surrounding the allegedly fraudulent payments and transfers.[10]

On November 12, 2010, the same day that the original complaint was filed, plaintiff filed a motion to abate the adversary matter,[11] which the bankruptcy court granted on January 5, 2011.[12] Plaintiff filed a motion to lift the abatement and proceed with litigation on August 9, 2013,[13] which was granted on August 20, 2013.[14] Defendants filed an amended answer on December 2, 2013,[15] and such answer did not contain a jury demand.[16] After hiring additional counsel, defendants filed another amended answer on December 23, 2013,[17] which was the first pleading that contained a jury demand.[18]

## STANDARD OF LAW

District courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "A civil proceeding is related to a Title 11 case if the action's outcome could conceivably have any effect

---

[8] R. Doc. No. 1-5, at 15.
[9] *See* R. Doc. No. 1-3.
[10] *See* R. Doc. No. 1-3.
[11] R. Doc. No. 1-5, at 14.
[12] R. Doc. No. 1-5, at 9. The amended complaint was filed on October 26, 2012, during the abatement period. *See* R. Doc. No. 1-5, at 8.
[13] R. Doc. No. 1-5, at 7.
[14] R. Doc. No. 1-5, at 6.
[15] R. Doc. No. 1-5, at 5.
[16] *See* R. Doc. No. 7-1, at 6.
[17] R. Doc. No. 1-5, at 4.
[18] *See* R. Doc. No. 7-1, at 6.

2

on the estate being administered in bankruptcy." *S. La. Ethanol, LLC v. Agrico Sales, Inc.*, No. 11-1084, 2012 WL 174646, at *1 (E.D. La. Jan. 20, 2012) (Zainey, J.) (quoting *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987)). "This grant of jurisdiction was intended to be broad in scope so as [to] give federal courts the power to adjudicate all matters having an effect on the bankruptcy." *Id.* (citing *In re Wood*, 825 F.2d at 92).

Local Rule 83.4.1 states, "All cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are transferred by the district court to the bankruptcy judges of this district." However, under appropriate circumstances, the automatic transfer can be withdrawn by this Court pursuant to 28 U.S.C. § 157(d), which provides:

> The district court ***may*** withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, *for cause shown*. The district court ***shall***, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

(emphasis added). Defendants do not contend that mandatory withdrawal is appropriate.[19] Accordingly, the Court will consider only the discretionary withdrawal permitted by the first sentence of § 157(d).

Pursuant to § 157(d), the Court may only withdraw the matter "for cause shown," and "[a]lthough the statute does not define 'cause shown,' the Fifth Circuit has explained that the decision 'must be based on a sound, articulated foundation.'" *City Bank v. Compass Bank*, No. 11-372, 2011 WL 5442092, at *3 (W.D. Tex. Nov. 9, 2011) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985)). "Courts employ a two-step analysis to determine whether a party is entitled to discretionary withdrawal of [the] reference to the bankruptcy court on the basis of the party's right to a trial by jury: (1) whether the party is

---

[19] *See* R. Doc. No. 1-1, at 5.

entitled to a trial by jury; and (2) whether the party has shown cause under 28 U.S.C. § 157 to withdraw the reference to bankruptcy court." *In re Lapeyre*, No. 99-1312, 1999 WL 486888, at *3 (E.D. La. July 8, 1999) (Clement, J.).

"The Fifth Circuit has held that in determining whether to withdraw the reference for cause shown, district courts should consider whether the matter at issue is a core or a non-core proceeding." *In re The Babcock & Wilcox Co.*, No. 01-1187, 2001 WL 1018366, at *3 (E.D. La. July 2, 2001) (Vance, J.). Courts should also consider whether withdrawal would promote uniform bankruptcy administration, reduce forum shopping and confusion, be an economical use of the parties' resources, and expedite the bankruptcy process. *Id.*; *see also Holland Am.*, 777 F.2d at 999.

## DISCUSSION

### A. Right to a Jury Trial

#### 1. *Request for a Jury*

The parties have filed cross-motions regarding the issue of defendants' right to a jury trial: plaintiff has moved to strike defendants' untimely jury demand,[20] and defendants request that this Court excuse such untimeliness pursuant to Rule 39(b) of the Federal Rules of Civil Procedure.[21] Rule 39(b) states: "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."

"'A court should 'grant a motion for [a] jury trial under [Rule 39(b)] 'in the absence of strong and compelling reasons to the contrary.''" *Certain Underwriters at Lloyds London v. Corporate Pines Realty Corp.*, 355 F. App'x 778, 780-81 (5th Cir. 2009) (quoting *Pinemont*

---

[20] R. Doc. No. 5.
[21] R. Doc. No. 7.

*Bank v. Belk*, 722 F.2d 232, 236 (5th Cir. 1984)). "'Technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules. The rules do not limit the court's discretion in ordering a jury in cases in which there would have been a right to jury trial.'" *Pinemont Bank*, 722 F.2d at 237 (quoting 9 Wright & Miller, Federal Practice & Procedure § 2334 at 115-16 (1971)).

The Fifth Circuit has identified "five factors that district courts should consider in the exercise of discretion under Rule 39(b): (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)).

Regarding the first factor, the parties dispute whether the issues involved in this matter would best be tried to a jury,[22] and the Court is unable to conclude at this early stage of the litigation whether the case involves such issues.[23] Regarding the second and third factors, plaintiff does not argue that a jury trial would be prejudicial or that it would disrupt the Court's schedule. Regarding the fourth factor, plaintiff notes that "[d]efendants filed their jury demand more than three years after the suit was filed."[24] However, the litigation was in abatement for much of that time, and the request for a jury trial was made approximately four months after such

---

[22] R. Doc. No. 5-1, at 8-11; R. Doc. No. 7-1, at 9.

[23] In connection with this factor, plaintiff also argues that "Ralph Wadleigh, at the very least, should be considered the equivalent of a 'claims-filing creditor' for purposes of submitting to the equitable jurisdiction of the Bankruptcy Court," and that his right to a jury trial has therefore been waived. R. Doc. No. 5-1, at 10. Plaintiff has not offered any authority in support of this argument.

[24] R. Doc. No. 5-1, at 11.

5

abatement was lifted.[25] Finally, regarding the fifth factor, plaintiff asserts that defendants' failure to timely request a jury trial was the result of "mere inadvertence."[26] As plaintiff correctly notes,[27] "[w]hen a party 'offer[s] no viable reasons for . . . delay . . . we assume the delay resulted from mere inadvertence.' Inadvertence alone does not relieve a party from waiver of the right to jury trial." *Corporate Pines*, 355 F. App'x at 781 (citation omitted) (quoting *Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 873 (5th Cir. 1991)). Defendants state that their previous counsel "advised that he would just file a general denial," and that it was their understanding that, after they hired a "specialist" attorney in December 2013, "[p]laintiff's counsel had no problem with whatever the specialist thought needed to be done to the pleadings."[28]

Despite defendants' thin justification, the Court has not been presented with any "strong and compelling reasons" to deny the untimely jury request. *See id.* Accordingly, the Court exercises its discretion to "order a jury trial on any issue for which a jury might have been demanded."[29] *See* Fed. R. Civ. P. 39(b).

## 2. Effect on Withdrawal

"Bankruptcy courts in this district are not authorized to conduct jury trials. Generally, the inability of a bankruptcy court to hold a jury trial in a related matter is a ground for a district

---

[25] R. Doc. No. 1-5, at 4, 6.

[26] R. Doc. No. 5-1, at 12-13.

[27] R. Doc. No. 5-1, at 12 (quoting *Farias*, 925 F.2d at 873).

[28] R. Doc. No. 15, at 14.

[29] Plaintiff does not dispute that if their motion to strike the jury demand is denied, defendants have a right to a jury trial with respect to Counts 1-2, 6, 11, 13-19, and 21-23. *See* R. Doc. No. 5-1, at 13. Although plaintiff disputes that defendants have any right to a jury trial with respect to the remaining nine counts, plaintiff acknowledges that the same facts underlie and support all of its causes of action. *See* R. Doc. No. 17, at 3. The Court need not decide at this stage of the litigation which claims should be tried to a jury as opposed to the Court. Plaintiff may raise this issue before this Court, if necessary, at such time as it is determined that a trial must be conducted.

court to withdraw the reference from a bankruptcy court." *In re Babcock*, 2001 WL 1018366, at *4. However, "the existence of a jury demand does not mandate *immediate* withdrawal of the reference" because "it may better serve judicial economy . . . for the bankruptcy court to resolve pre-trial matters." *In re OCA, Inc.*, No. 06-3811, 2006 WL 4029578, at *5 (E.D. La. Sept. 19, 2006) (Vance, J.) (emphasis added). Furthermore, "[a] number of courts have held that even if a party does have a right to a jury trial, a motion to withdraw is premature until such time [as] it is determined that a jury trial must be conducted." *Id.*; *see also S. La. Ethanol*, 2012 WL 174646, at *3 ("Should trial by jury become an issue then the reference can be withdrawn once the case is ready for trial."); *City Bank*, 2011 WL 5442092, at *4 ("[I]mmediate withdrawal is not required—the district court has discretion to allow the bankruptcy court to manage the pretrial proceedings."); *Official Comm. of Unsecured Creditors of Enron Corp. v. Lay (In re Enron Corp.)*, 295 B.R. 21, 27 (S.D.N.Y. 2003) ("The case law is clear that a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial.") (internal quotation marks omitted).

The litigation has barely moved past the pleading stage, and the Court is unable to determine with any reasonable certainty at this early stage of the litigation whether a jury trial *must* be conducted. Accordingly, the motion to withdraw the reference will not be granted solely on the ground that a jury has been requested.

### B. Core Versus Non-Core

Although the definition of a "non-core proceeding" is not provided by statute, the U.S. Court of Appeals for the Fifth Circuit has stated:

> [A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. The proceeding before us does not meet this test and, accordingly, is a non-core proceeding. The plaintiff's suit is not based on any

right created by the federal bankruptcy law. It is based on state created rights. Moreover, this suit is not a proceeding that could arise only in the context of a bankruptcy. It is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court.

*In re Wood*, 825 F.2d at 97 (footnote omitted). Although the above-captioned adversary matter potentially involves both core and non-core matters,[30] and defendants assert that plaintiff has also alleged some *Stern* claims,[31] this Court need not decide at this stage of the litigation exactly which claims are core or non-core.[32]

"[S]ome of these proceedings could be resolved by the Bankruptcy Court on legal issues or on undisputed facts that, even if non-core, this Court can review *de novo*."[33] *In re OCA*, 2006 WL 4029578, at *4. Accordingly, "regardless of whether [this] dispute[] in isolation could be considered non-core, at this stage of the proceeding, it is premature to find that this factor favors withdrawal of the reference." *Id.*

---

[30] *See, e.g.*, R. Doc. No. 1-1, at 7; R. Doc. No. 17, at 10-11.

[31] *See* R. Doc. No. 1-1, at 7-9; *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

[32] The bankruptcy court has greater familiarity with both this case and bankruptcy law generally. If and when this Court does make a ruling on the issue, it will benefit from the bankruptcy judge's opinion about the core versus non-core determination. *See* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.").

[33] As stated in *South Louisiana Ethanol*:
> Pursuant to § 157(b)(1), bankruptcy judges may hear and determine (and enter appropriate orders and judgments) on referral all cases under Title 11 and core proceedings arising under Title 11 or arising in a case under Title 11. With respect to non-core proceedings that are merely related to a case under Title 11, the bankruptcy judge can hear the matter but cannot enter final orders or judgments. *Id.* § 157(c)(1). Instead, the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court for consideration and a timely objection to the proposed findings will trigger de novo review. *Id.* The district court then enters a final order or judgment. *Id.*

2012 WL 174646, at *1; *see also Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014); *In re Frazin*, 732 F.3d 313, 325 (5th Cir. 2013) (Owen, J., concurring); *Inter-Urban Broadcasting of Cincinnati, Inc. v. Lewis*, No. 94-3126, 1994 WL 774050, at *2 (E.D. La. Mar. 14, 1995) (Carr, J.).

### C. Other *Holland* Factors

Although defendants mention the *Holland* factors,[34] their motion focuses on their request for a jury trial[35] and the inability of the bankruptcy court to enter a final judgment on any *Stern* claims.[36] As discussed above, these considerations alone do not lead the Court to the conclusion that there is good cause to withdraw the reference at this time.

Plaintiff asserts: "Practically speaking, it is simply more efficient to maintain the reference to the Bankruptcy Court. The Bankruptcy Court has the benefit of more than five years of experience with the underlying bankruptcy case (filed in late 2008) and its factual circumstances. Many of these facts will be directly relevant to this suit in which the main issues concern funds transferred out of the Debtor companies both shortly before <u>and during</u> the bankruptcy case."[37]

The Court finds that an economical use of resources would be promoted and the expeditious and uniform administration of the bankruptcy process would be served by maintaining the reference. *See In re Babcock*, 2001 WL 1018366, at *3. Allowing the bankruptcy court to supervise all pretrial and discovery matters will prevent a duplication of effort that would result from maintaining separate but closely related proceedings. Furthermore, this Court would certainly benefit from the bankruptcy court's expertise in developing this matter for trial. Indeed, allowing the bankruptcy court time "to function much like [a] magistrate[] to the district court on matters that are merely 'related to' a bankruptcy," or that are otherwise unable to be finally adjudicated by that court, could considerably expedite the litigation. *Holland Am.*, 777 F.2d at 999. The Court, therefore, finds that withdrawal is not warranted at this time.

---

[34] R. Doc. No. 1-1, at 5.
[35] R. Doc. No. 1-1, at 5-7.
[36] R. Doc. No. 1-1, at 7-9.
[37] R. Doc. No. 17, at 11.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for a jury trial is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to strike the jury demand and the motion to withdraw the reference are **DENIED**.

New Orleans, Louisiana, June 27, 2014.

                                                                         _____
                                                                            **LANCE M. AFRICK**
                                                                   **UNITED STATES DISTRICT JUDGE**